UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID JONES,<br><br>　　　　　　　　　　Appellant,<br><br>　　　　v.<br><br>SCOTT UHRMANN<br>CHARLENE UHRMANN,<br><br>　　　　　　　　　　Appellees. | Civil Action No. 12-5277<br>(SDW)<br><br><br>**OPINION**<br><br><br>December 10, 2012 |

**WIGENTON**, District Judge.

Before the Court is David Jones's ("Appellant") appeal from a decision of the United States Bankruptcy Court, District of New Jersey, entered on June 29, 2012. The Bankruptcy Court's Order: (1) granted Scott Urhmann and Charlene Urhmann's ("Appellees") Summary Judgment Motion; (2) denied Appellant's bankruptcy discharge pursuant to 11 U.S.C. §§ 727(a)(3) and (a)(4); and (3) denied Appellant's cross-motion to dismiss. Both parties to this appeal are proceeding as *pro se* litigants.

This Court has jurisdiction to hear appeals of final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **affirms** the Bankruptcy Court's Order.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2011, with the assistance of an attorney, Appellant filed a voluntary Chapter 7 Bankruptcy Petition. (See Exh. U-4, David Jones's Bankruptcy Petition ("Bankruptcy Petition"), Schedule 1.) The Bankruptcy Petition's statement of financial affairs required that a

1

debtor list all businesses in which he was an officer, director, partner, managing executive, partner in partnership, sole proprietorship, or was self-employed in a trade, profession or other activity, within six years immediately preceding the commencement of the case.  (See Bankruptcy Petition; Exh. U-3, In re: David Jones, 11-BK-24214, Transcript of Bankruptcy Proceeding ("Bankr. Tr.") at 28:19-29:2 (Bankr. D.N.J. Jun. 29, 2012).)   In response to this inquiry, Appellant indicated "none" and failed to list the following four businesses: (1) Clover Hill; (2) Jones Estate Cleanouts Corporation ("Jones Cleanouts"); (3) Mount Olive Recovery and Recycling Estate; and (4) Estate Cleanouts and Liquidation.  (Id.)  Subsequently, Appellees filed an adversary proceeding against Appellant to deny discharge of his debt based on 11 U.S.C. § 727 of the Bankruptcy Code.  See Uhrmann v. Jones, Adv. Proc. No. 11-02206-NLW (Bankr. D.N.J. 2011).

In the context of the bankruptcy proceeding, Appellant claimed that he did not report Clover Hill in his Bankruptcy Petition because the entity was defunct; however, the Bankruptcy Court found that Clover Hill was "likely in existence, whether defunct or not."  (Bankr. Tr. 29:7-9.)  Although Appellant did not admit to ownership interest in Jones Cleanouts, business records showed that he was the incorporator, the agent, the director, the only board member, and was employed by Jones Cleanouts.  (Bankr. Tr. 29:7-17.)  Furthermore, Appellant admitted to registering Mount Olive Recovery and Recycling Estate and Estate Cleanouts and Liquidation but stated that he did not report these businesses because they were non-functioning and worthless. (Bankr. Tr. 18-24.)

Additionally, in his Bankruptcy Petition, Appellant stated that he received a monthly income of eighty-one thirty-three and that he received no income over the six months preceding the Bankruptcy Petition. (See Bankruptcy Petition.)  However, a PayPal account in Appellant's

name includes payments to Jones Cleanouts that were not included in his Bankruptcy Petition. (See Bankruptcy Petition; Bankr. Tr. 30:13-31:7.)  Although Appellant did not include the PayPal account and corresponding payments in his Bankruptcy Petition, he reported these payments to the Internal Revenue Service ("IRS") as income from Jones Cleanouts.  (Bankr. Tr. 30:13-31:7.)  Since completing and filing his Bankruptcy Petition in April 2011, Appellant did not submit an Amended Schedule to reflect any changes.  (Bankr. Tr. 31:8-10.)

On June 29, 2012, the United States Bankruptcy Court, District of New Jersey, granted Appellees' Motion for Summary Judgment, denied Appellant's bankruptcy discharge, and denied Appellant's Cross Motion to Dismiss.  (Bankr. Tr. 31:16-23; See Exh. U-1, In re: David Jones, 11-BK-24214, Order (Bankr. D.N.J. July 2, 2012).)  Subsequently, Appellant filed an appeal of the Bankruptcy Court's Summary Judgment ruling.

**II.    STANDARD OF REVIEW**

This Court reviews the Bankruptcy Court's "factual findings for clear error and its exercise of discretion for abuse thereof." In re American Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007) (internal citations omitted); see also Fed. R. Bankr. P. 8013.  A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d. Cir. 1992); (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d. Cir. 1999).  Additionally, this Court "is limited to review of the evidence before the Bankruptcy Court and which was made a part of the record at the time the [ ] decision was rendered."  Matter of Halvajian, 216 B.R. 502, 509

3

(D.N.J. 1998) (stating that "in deciding the current appeal, [the] Court will disregard any pleadings not in the record before the Bankruptcy Court, in addition to any facts not supported by citations to the record").

## III.  DISCUSSION

Appellant raises a number of objections to the Bankruptcy Court's determination with respect to the nondischargeability of his debts, including the debt owed to Appellees. (See Appellant Br. 9-10.) Boiled down to its essence, Appellant contends that (1) the Bankruptcy Court made improper findings of fraud and erred in denying Appellant's discharge of debt, and (2) the Bankruptcy Court "exceeded its jurisdiction." (Id.)

This Court has carefully reviewed the record and the Bankruptcy Court's factual findings, and based on such review, finds no clear error. Specifically, as discussed below, this Court finds that the Bankruptcy Court appropriately denied Appellant's discharge, properly weighed the evidence, did not make improper findings of fraud, and did not exceed its jurisdiction. Thus, under the relevant standard, this Court has no basis to reverse the Bankruptcy Court's decision.

### A.  **The Bankruptcy Court Did Not Err in Denying Appellant's Discharge Pursuant to 11 U.S.C. §§ 727(a)(3) and (a)(4)**

The Bankruptcy Court held that Appellees met their burden to deny discharge of Appellant's debt under two statutory sections—11 U.S.C. §§ 727(a)(3) and (a)(4)(A).[1]

#### 1.  Section 727(a)(4)(A)

Section 727(a)(4)(A) states that a court shall grant a debtor a discharge, unless: "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To deny a debtor's discharge under § 727(a)(4)(A) the creditor must prove two elements: "(1) the debtor knowingly and fraudulently made a false oath;

---

[1] Although the Bankruptcy Court focused particularly on § 727(a)(4)(A), it found that § 727(a)(3) served as an independent basis for denying discharge. (Bank. Tr. 26:13-17.)

4

and (2) the false oath related to a material fact." Scimeca v. Umanoff, 169 B.R. 536, 542 (D.N.J. 1993) aff'd sub nom. In re Scimeca, 30 F.3d 1488 (3d Cir. 1994). Importantly, "[t]he debtor must make full disclosure, 'even of seemingly worthless assets.'" Id. at 543 (internal citation omitted); see also In re Chalik, 748 F.2d 616, 618 (11th Cir. 1984) ("The recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding.").

The initial burden of proof belongs to the party objecting to the debtor's discharge, "but once it reasonably appears that the oath is false, the burden falls upon the bankrupt to come forward with evidence that he [or she] has not committed the offense charged."[2] In re Tully, 818 F.2d 106, 110 (1st Cir. 1987) (internal citation omitted); see also Scimeca, 169 B.R. at 542.

In the instant matter, the Bankruptcy Court found that Appellant failed to report the existence of several businesses on his Bankruptcy Petition. (Bankr. Tr. 29:2-3.) With respect to Clover Hill, the Bankruptcy Court asserted that "it was likely in existence, whether defunct or not," and thus should have been reported. (Bankr. Tr. 29:7-8.) With respect to Jones Cleanouts, the Bankruptcy Court found that "business records indicate that [Appellant] was the [in]corporator . . . [thus] that entity should have been disclosed." (Bankr. Tr. 29:10-17.) Furthermore, the Bankruptcy Court noted that Appellant "conceded that he registered Mount Oliver Recovery and Recycling and Estate Cleanouts and Liquidation but proffers his conclusion that those were non-functioning companies" and accordingly did not list them on his Bankruptcy Petition. (Bankr. Tr. 29:18-21.) The Bankruptcy Court stated that "a reckless disregard is sufficient to infer a fraudulent intent." (Bankr. Tr. 29:24-30:1.) Appellant also failed to report

---

[2] As case law indicates, under § 727(a)(4)(A), upon demonstrating a false oath, the burden of proof shifts from the party objecting to the discharge of debt to the bankrupt party. See In re Tully, 818 F.2d at 110. Thus, this Court finds that Appellant's argument that the Bankruptcy Court improperly "shifted [ ] burden of proof" lacks merit. (Appellant Br. 10.)

5

his PayPal account for which payments to Jones Cleanouts were made and the Bankrtupcy Court noted that, based on business records, "it's very clear that the account was in Mr. Jones's name and should have been disclosed as such." (Bankr. Tr. 28:10-17.) Accordingly, the Bankruptcy Court appropriately recognized that "failure to list those entities is also a basis for denying discharge." (Bankr. Tr. 30:8-9.)

The Bankruptcy Court further found that "[Appellant] did not truthfully and accurately complete [his] Schedule I, Statement of Income." (Bankr. Tr. 30:13-15.) Specifically, Appellant "indicated that he received a monthly gross wage of eighty-one thirty-three and I believe he indicated that [his wife] received no income over the six months preceding the petition date." (Bankr. Tr. 30:16-19.) However, as the Bankruptcy Court pointed out, deposition testimony reveals that Appellant reported income from Jones Cleanouts on his tax returns and failed to include this information in the Schedule I, Statement of Income. (Bankr. Tr. 30:24-31:7.)

Although Appellant argues that the Bankruptcy Court improperly weighed evidence, the record reflects the opposite. (See Appellant Br. 10). The Bankruptcy Court articulated that there was "a lack of any credible statements to the contrary [ ] for denial of discharge." (Bankr. Tr. 31:16-18.) Specifically, the Bankruptcy Court found that no amended Scheduled I was filed and Appellant's "motion to dismiss and opposition to the summary judgment motion fail to offer anything other than conclusory responses to the various exhibits." (Bankr. Tr. 31:8-10, 16-24.) Accordingly, this Court finds that the Bankruptcy Court appropriately weighed the evidence and did not err in denying discharge of Appellant's debt based on § 727(a)(4)(A).

   **2. Section 727(a)(3)**

Under 11 U.S.C. § 727(a)(3), a court shall grant a debtor a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded

information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3).

A party objecting to a debtor's discharge based on the debtor's inadequate records must show that: "(1) the debtor failed to keep or preserve adequate records, and (2) such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." In Re Rittweger, No. 05-56311, 2008 WL 442117, at *2 (Bankr. D.N.J. Feb. 14, 2008). "[A] creditor need not prove fraudulent intent, but only that the debtor unreasonably failed to maintain sufficient records to permit his financial situation to be adequately ascertained." Id. A debtor has a duty to maintain records in a capacity similar to what is expected of businesses of the same complexity. Id. "[W]hile a debtor may justify a failure to keep records in some cases, discharge may be granted only if debtor presents an accurate and complete account of his financial affairs." Id.

In the instant matter, the Bankruptcy Court found "false oath and failure and nondisclosure under (a)(3)" in Appellant's failure to list his PayPal account, which was clearly in his name, regardless of the amount used for Jones Cleanouts services. (Bankr. Tr. 28:10-14.) As previously discussed, the Bankruptcy Court also found that Appellant failed to list several businesses on his Bankruptcy Petition and failed to truthfully and accurately fill out his Statement of Income. (See Bankruptcy Petition, Schedule 1; Bankr. Tr. 29:7-24; 30:13-31:7.) As the Bankruptcy Court noted, "a reckless disregard is sufficient to infer a fraudulent intent." (Bankr. Tr. 29:24-30:1.) Based on the record and the Bankruptcy Court's reasoning, this Court finds that the Bankruptcy Court did not err in finding a violation under § 727(a)(3).

**B. The Bankruptcy Court Did Not Exceed Its Jurisdiction**

Appellant contends that the Bankruptcy Court "has exceeded its jurisdiction by finding the defendant guilty of different actions than the allegations of the plaintiff." (Appellant Br. 10.) To the contrary, as the record reflects, the Bankruptcy Court made clear on several occasions that it has limited jurisdiction to address only bankruptcy matters and "has no jurisdiction to consider criminal charges." (Bankr. Tr. 24:9-11, 18-20; 25:13-18 (articulating that "look, 523 and 727 provide the bankruptcy court remedies").) The Bankruptcy Court further noted that "I have here allegations under various sections of 727. As I indicated to you, I'm going to focus in particular on 727(a)(3) and (a)(4) because I don't need a finding under every section in order to deny a discharge." (Tr. 26:12-15.) Nothing in the record reflects that the Bankruptcy Court exceeded its jurisdiction by addressing matters outside the scope of allegations within the context of bankruptcy.

**IV. CONCLUSION**

For the reasons set forth above, the Bankruptcy Court's decision is **affirmed**.

s/Susan D. Wigenton, U.S.D.J.